UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) CASE NO. |
| Plaintiff, | ) ) ) |
| v. | ) **COMPLAINT** ) **AND JURY DEMAND** |
| HEALTH PARTNERS, INC., | ) ) |
| Defendant | ) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Emily Yeboah. The Commission alleges that Defendant Health Partners, Inc. violated the Americans with Disabilities Act when it refused to allow Yeboah to commence employment as a Home Health Aide because it believed she was disabled after a skin test for tuberculosis.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant (the "Employer") has continuously been a Michigan corporation doing business in the State of Michigan and the City of Southfield and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Emily Yeboah filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least August 13, 2008, Defendant Employer has engaged in unlawful employment practices in violation of Section 102(a) of the ADA, 42 U.S.C. §§ 12112(a). These practices include Defendant Employer's refusal to allow Yeboah to commence employment as a Home Health Aide because it regarded her as disabled after a preliminary positive skin test for tuberculosis despite being informed that she did not have active tuberculosis.

9. The unlawful employment practices complained of in paragraph 8 above were and are intentional.

10. The unlawful employment practices complained of in paragraph 8 above were and are being done with malice or with reckless indifference to the federally protected rights of Yeboah.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to employ and discharging qualified individuals with disabilities.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Yeboah whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay.

  D. Order Defendant Employer to make whole Yeboah by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to expenses for her chest x-ray tuberculosis test, in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Yeboah by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Yeboah punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: May 9, 2011

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

NEDRA D. CAMPBELL (P58768)
Trial Attorney

4

DETROIT DISTRICT OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
nedra.campbell@eeoc.gov